IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY A. JONES, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-1740 |
| § | | |
| MICHAEL J. ASTRUE, *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

Pending before the Court in this employment discrimination suit is Defendant Michael J. Astrue's Motion to Dismiss or Alternatively Motion for Summary Judgment [Doc. # 18] ("Astrue's Motion"), to which Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has responded in opposition [Doc. # 19]. Defendant Astrue, sued in his official capacity as Commissioner of the Social Security Administration, has neither replied nor requested additional time to do so. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **grants** Defendant Astrue's Motion.

### I.    FACTUAL BACKGROUND

Plaintiff is a Black female over the age of 40 employed by the Social Security Administration as a Teleservices Representative ("TRS") in the Houston Teleservices Center ("Houston TSC"), which is located in Bellaire Texas. The events giving rise

to this lawsuit largely center on a March 11, 2009 training session facilitated by Nancy Spivey, a supervisor in the Houston TSC.  During that session, Plaintiff asked two questions, to which management provided written answers via email within twenty-four to forty-eight hours.

Shortly after the training session, Richard Thorn, a supervisor in the Houston TSC, told Virginia Moreno ("Moreno"), the Houston TSC Manager, that Plaintiff had been acting in a rude manner during the training session when she asked those two questions.  Per Moreno's instructions, Jeanne Abdullah ("Abdullah"), Plaintiff's supervisor, asked Plaintiff to provide a statement regarding what occurred during the March 2009 meeting.[1]  Plaintiff was not disciplined, reprimanded, or punished in any way as a result of these events.  No changes were made to Plaintiff's salary, benefits, job description, job duties or responsibilities, schedule, pay scale, or any other aspect of her employment as a result of these events.

On April 9, 2009, Plaintiff sought Equal Employment Opportunity ("EEO") counseling, alleging discrimination based on age, sex, retaliation, and nonsexual harassment.[2]  Plaintiff filed an EEO administrative complaint on May 22, 2009.  On June 5, 2009, the Social Security Administration rendered a final agency decision

---

[1] *See* Plaintiff's March 10, 2009 Statement [Doc. # 18-2].

[2] *See* EEO Counseling Report [Doc. # 18-3]

dismissing Plaintiff's complaint pursuant to 29 C.F.R. § 1614.107(a)(1). The agency reasoned that Plaintiff had failed to state a claim because Plaintiff failed to show that she suffered some direct harm that affected a term, condition, or privilege of her employment.[3] Plaintiff appealed the final agency decision to the EEOC's Office of Federal Operations ("OFO"), who affirmed the agency's decision[4] and denied Plaintiff's request for reconsideration.[5]

On May 5, 2010, Plaintiff filed the instant case in this Court. In her Complaint [Doc. # 1], she checked boxes indicating that because of her "race," "color," and "sex," the defendant has "failed to promote the plaintiff." Plaintiff stated in response to the question "when and how the defendant has discriminated against the plaintiff" that she was "passed over for a promotion," and that "[s]ince filing EEOC [charge, she] has suffered harassment, discrimination and reprisal."[6] Defendant Astrue has filed the instant Motion seeking (1) to dismiss Plaintiff's failure to promote claim pursuant to Federal Rule of Civil Procedure 12(b)(1) because that claim has not been

---

[3] *See* Social Security Administration Final Agency Decision [Doc. # 18-4].

[4] *See* OFO Decision [Doc. # 18-5].

[5] *See* OFO Denial of Reconsideration [Doc. # 18-6].

[6] *See* Complaint [Doc. # 1], at 2. Plaintiff filed three amended complaints [Docs. # 4, # 10, # 11]. These amended complaints add new parties to this suit, but do not change the nature of or factual basis for Plaintiff's claims.

administratively exhausted; (2) to dismiss Plaintiff's age, retaliation, and nonsexual harassment claims because Plaintiff abandoned them by failing to plead them in her district court complaint, and (3) summary judgment dismissing Plaintiff's race and sex discrimination claims on the merits. Defendant's Motion is now ripe for decision.

## II. DISCUSSION

### A. Astrue's Motion to Dismiss

Defendant first argues that Plaintiff's failure to promote claim should be dismissed because it has not been administratively exhausted. Plaintiff's failure to promote claim is based upon her non-selection for a Claims Representative ("CR") position she sought in 2008.[7] Plaintiff filed a related administrative claim on a failure to promote theory in 2008.[8] In her Response [Doc. # 19] to Astrue's Motion, Plaintiff appears to admit that she abandoned this claim.[9] In any event, the Court agrees with Defendant that Plaintiff has failed to exhaust her failure to promote claim for the reasons that follow.

---

[7] *See* Deposition of Mary Jones [Doc. # 18-1], at 40-41, 77-78.

[8] In total, Plaintiff has filed three EEO administrative charges against Defendant. The first was based on her non-selection for a CR position in 2008. Plaintiff's second EEO charges was based on her non-selection to "go on details [sic]." Plaintiff's third EEO charge is the basis for this lawsuit. *See id.* at 40-41, 77-78.

[9] Plaintiff's Response [Doc. # 19], at 6 ("Plaintiff did abandon one claim which was the CR. The other claim was not abandoned because the Plaintiff never received a ROI (Report of Investigation) from EEOC.").

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff filed a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)); *see also McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Courts construe an EEOC complaint "in terms of the administrative EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

In Plaintiff's administrative filings, she made no allegations that could reasonably be expected to trigger administrative investigation into the Social Security Administration's failure to promote her to CR in 2008. Rather, all of the administrative filings in the record, including Plaintiff's EEO Counseling Report, the Social Security Administration's Final Agency Decision, and the OFO's Decision, only reference claims arising out of the March 2009 training session incident.

Because Plaintiff failed to exhaust administrative remedies on any failure to promote theory, Plaintiff's failure to promote claim against Defendant Astrue is dismissed.

Defendant Astrue next argues that Plaintiff has abandoned her age discrimination, retaliation, and nonsexual harassment claims by failing to plead them in her district court complaint. While Defendant's contention is true from the face of Plaintiff's district court complaint,[10] Plaintiff attached to her Complaint certain administrative filings which reference age discrimination. Accordingly, because Plaintiff is *pro se*, the Court deems the age theory to have been asserted adequately to put Defendant on notice of Plaintiff's intention to pursue this claim. The Court therefore addresses Plaintiff's age discrimination claim in Section II.B, below.

Defendant's abandonment contentions regarding Plaintiff's retaliation and nonsexual harassment claims are easily disposed of. Plaintiff, who is proceeding *pro se*, filled out a form complaint. In her Complaint [Doc. # 1], she checked boxes indicating that because of her "race," "color," and "sex," the defendant has "failed to promote the plaintiff." Plaintiff described "when and how the defendant has

---

[10] *See Principal Health Care of La. v. Lewar Agency, Inc.*, 38 F.3d 240, 244 (5th Cir. 1994) (holding that a plaintiff waived coverage issue by failing to raise it in declaratory judgment complaint); *accord Shalow v. Henderson*, 220 F.3d 585 (Table), 2000 WL 959588, at *1 (5th Cir. 2000) (holding that a plaintiff waived claim of sex discrimination by failing to raise it in his pleadings); *Patterson v. Spellings*, 249 Fed. App'x 993, 996-98 (5th Cir. 2007) (holding that a plaintiff failed to plead a Title VII retaliation claim in her district court complaint).

discriminated against the plaintiff" as "passed over for a promotion. Since filing EEOC has suffered harassment, discrimination and reprisal."[11] The Court concludes that in making these statements, Plaintiff properly pleaded claims for retaliation and nonsexual harassment. In any event, because the Court concludes that summary judgment in favor of Defendants is warranted on Plaintiff's retaliation and nonsexual harassment claims as discussed hereafter, the Court declines to dismiss these claims on the procedural grounds urged by Defendant.[12]

### B. Astrue's Motion for Summary Judgment

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the

---

[11] *See* Complaint [Doc. # 1], at 2. Plaintiff filed three amended complaints [Docs. # 4, # 10, # 11]. These amended complaints add new parties to this suit, but do not change the nature of or factual basis for Plaintiff's claims.

[12] The Court notes that neither party briefed Plaintiff's age discrimination, retaliation, or nonsexual harassment claims on the merits. Accordingly, if any party seeks reconsideration of the Court's ruling on these claims, she or he may file a motion pursuant to Federal Rule of Civil Procedure 59(e) on or before **June 24, 2011.**

moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

*Race, Sex, and Age Discrimination.–* Under the burden-shifting standard applicable to Title VII and Age Discrimination in Employment Act ("ADEA") claims, a plaintiff claiming discrimination must first establish a *prima facie* case by demonstrating that she: (1) is a member of a protected class; (2) was qualified for the position in question; (3) was the subject of an adverse employment action; and (4) was treated less favorably than similarly situated persons who were not members of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (Title VII); *Bishop v. Texarkana Texas Police Dept.*, 370 F. App'x 546, 548 (5th Cir. Mar. 25, 2010) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)) (ADEA).

The undisputed summary judgment evidence shows that Plaintiff did not suffer an adverse employment action as a result of the March 2009 training session incident. "[F]or all Title VII claims, '[a]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or

compensating.'" *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (citing *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)). The basis for Plaintiff's claims is that she had to provide a written response to Richard Thorn's accusation that she was rude during the March 11, 2009 training session. However, after this incident Plaintiff admits that she was not "written up;" that her salary, grade, and step remained the same; and that her job title, responsibilities, and schedule remained the same.[13] Even if Plaintiff is correct that she was unjustifiably called "rude" and that she never should have had to provide a written explanation, her Title VII discrimination claims must fail. Title VII does not set forth a "general civility code for the American workplace." *Oncale v. Sundower Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998); *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 486 (5th Cir. 2008). Because Plaintiff did not suffer an adverse employment action, she cannot establish a *prima facie* case of discrimination. Defendants are entitled to summary judgment on Plaintiff's race, sex, and age discrimination claims.

***Retaliation.*–** Plaintiff alleges that Defendants retaliated against her because she engaged in protected activity by filing previous charges of discrimination with the EEOC. To establish a *prima facie* case for retaliation, a plaintiff must present evidence that (1) she engaged in a protected activity; (2) she suffered an adverse

---

[13] *See* Deposition of Mary Jones [Doc. # 18-1], at 65-66.

employment action; and (3) there is a causal link between the protected activity and adverse employment action. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).

The first element of a *prima facie* case of unlawful retaliation requires the plaintiff to show that she engaged in activity protected by Title VII. An employee engages in protected activity by either (1) opposing any unlawful employment practice under Title VII; or (2) filing a charge of discrimination or otherwise participating in any manner in a Title VII matter. *See Baker v. American Airlines, Inc.*, 430 F.3d 750, 755 (5th Cir. 2005). It is undisputed that Plaintiff engaged in protected activity under Title VII by filing two previous charges with the EEOC in 2008. She satisfies the first element of a *prima facie* case of retaliation.

A plaintiff must also present evidence that she suffered an adverse employment action. In the retaliation context, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *accord Hernandez v. Yellow Transp., Inc.*, ___ F.3d ___, 2011 WL 1796366, at *8 (5th Cir. May 12, 2011). Here, Plaintiff's retaliation claim is based on Richard Thorn's accusation that she was rude during a training session and that her supervisor required her to write a statement explaining the incident. As a matter of law, these allegations do not rise to the level

of material adversity. At best, "they fall into the category of 'petty slights, minor annoyances, and simple lack of good manners' that employees regularly encounter in the workplace, and which the Supreme Court has recognized are not actionable retaliatory conduct." *Aryain*, 534 F.3d at 485 (citing *White*, 548 U.S. at 68). Accordingly, Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

*Nonsexual Harassment.–* In her Complaint [Doc. # 1], Plaintiff alleges that "[s]ince filing EEOC [charges, she] has suffered harassment."[14] In her EEO Counseling Report, Plaintiff alleged "nonsexual" harassment. It is unclear if Plaintiff intended to abandon this claim by failing to plead it in her district court complaint. Indeed, it is unclear if she intended to plead any harassment claim independent of her retaliation claim. Nevertheless in an exercise of caution, because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's complaint liberally as asserting a cause of action for harassment or hostile work environment under Title VII and under the Age Discrimination in Employment Act ("ADEA").[15] In analyzing the merits, the

---

[14] Complaint [Doc. # 1], at 2.

[15] The characteristic on which Plaintiff seek to rely for her "nonsexual harassment" claim is not specified in her district court complaint. Since Plaintiff's failure to promote claim was not exhausted, the most favorable construction of Plaintiff's district court complaint is that Plaintiff asserts a Title VII harassment claim on race, sex, or retaliation grounds, and does the same on ADEA grounds.

Court concludes that Defendants are entitled to summary judgment on all these theories.

To establish a claim of hostile work environment under Title VII and the ADEA,[16] a plaintiff must prove:

> (1) [she] belongs to a protected group; (2) [she] was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Hernandez*, ___ F.3d ___, 2011 WL 1796366, at *3 (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). Here, again, the basis for Plaintiff's harassment claim is that Richard Thorn accused her of being rude during a training session and her supervisor required her to write a statement explaining the incident.

Plaintiff offers *no* competent summary judgment evidence that this conduct was based on Plaintiff's race, sex, or age, or as retaliation for the fact that Plaintiff filed previous charges with the EEOC. Plaintiff alleges, but provides no evidence, that a white male who also asked a question during the March 2009 training session was not

---

[16] The Fifth Circuit has never held that the ADEA contemplates hostile work environment claims, but has assumed without deciding that it does. *See Carder v. Continental Airlines, Inc.*, __ F.3d __, 2011 WL 996169, at n.5 (5th Cir. March 22, 2011). Assuming *arguendo* that such claims are permitted, courts in this district have applied the same legal principles applicable to Title VII hostile work environment claims to hostile work environment claims under the ADEA. *See, e.g.*, *Cook v. Equilon Enters., L.L.C.*, No. 4:09-cv-0756, 2010 WL 4367004, at *5 (S.D. Tex. Oct. 26, 2010).

accused of being rude or required to write an explanation. "[C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Plaintiff has not presented evidence establishing a genuine issue of fact that the complained of conduct was based on any protected characteristic.

Additionally, "[h]arassment affects a 'term, condition, or privilege of employment' if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Ramsey*, 286 F.3d at 268). The Court concludes that, as a matter of law, a single accusation of rudeness and being required to write a written explanation is not "sufficiently severe or pervasive" to have altered the conditions of Plaintiff's employment and create an abusive working environment. For these reasons, Defendants are entitled to summary judgment on any harassment claim Plaintiff may have alleged.

### C. Individual Defendants' Motion to Dismiss

Also pending before this Court is "Defendants' Motion to Dismiss Individually Named Defendants Mike Rowley, Ed Diaz, Ramona Schemeyer, Terry Julian, and Rick Enrique Hernandez" [Doc. # 17], to which Plaintiff has responded in opposition

[Doc. # 23]. This Motion is based on Federal Rule of Civil Procedure 12(b)(6) because, under Title VII, the proper defendant is "the head of the department, agency or unit." 42 U.S.C. § 2000e-16(c); *see also Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988); *accord Mendoza v. Potter*, No. L-07-104, 2009 WL 700608, at *2 (S.D. Tex., March 17, 2009). The Court agrees. The proper Defendant in the employment claims asserted against the Social Security Administration is the Commissioner of the Social Security Administration, Defendant Astrue. Accordingly, Plaintiff's claims against the individual defendants in this lawsuit are dismissed with prejudice.

### D. Astrue's Motion for Stay

Also pending before this Court is Defendant Astrue's Motion to Stay Upcoming Mediation, JPO, and Trial Deadlines [Doc. # 21]. Plaintiff has responded that she is unopposed [Doc. # 24]. Because the Court has granted summary judgment for defendants and dismissed this lawsuit, this Motion is **denied as moot.**

### IV. CONCLUSION AND ORDER

The Court concludes that Plaintiff failed to exhaust her failure to promote claim. The Court further concludes that Plaintiff has not raised a genuine material fact issue on any of her other claims in response to Defendants' Motions. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgment [Doc. # 18] is **GRANTED**. It is further

**ORDERED** that Defendants' Motion to Dismiss Individually Name Defendants [Doc. # 17] is **GRANTED.** It is further

**ORDERED** that Defendant's Motion to Stay Upcoming Mediation, JPO, and Trial Deadlines [Doc. # 21] is **DENIED as moot.**

The Court will issue a separate final judgment dismissing this case with prejudice.

SIGNED at Houston, Texas, this 27th day of **May, 2011**.

_____
Nancy F. Atlas
United States District Judge